UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BANK OF AMERICA, NATIONAL ASSOCIATION, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:14-CV-2765 |
| SHAUNE S. STAUFFER, | § § | |
| Defendant. | § § § | |

## ORDER AND OPINION

Before the Court are Plaintiff's Motion for Summary Judgment (Document No. 21), Defendant's Response to Plaintiff's Motion for Summary Judgment (Document No. 23), Plaintiff's Reply in Support of its Motion for Summary Judgment (Document No. 25), and Plaintiff's Supplemental Brief in Support of its Motion for Summary Judgment (Document No. 32). After considering these documents, the facts in the record, and the applicable law, the Court concludes that Plaintiff's Motion for Summary Judgment (Document No. 21) is granted.

### Facts

On or about January 12, 2007, Defendant Shaune S. Stauffer executed a Texas Home Equity Note (Note) in the principal amount of $280,000.00 payable to National City Mortgage, which is a division of National City Bank. (Document No. 12 at 3–4). Concurrently with the Note, Defendant executed a Texas Home Equity Security Instrument (Security Instrument)[1] as grantor, granting National City and its successors and assigns a security interest in real property located at 1621 Café DuMonde, Conroe, Texas 77034 (the Property). *Id.* at 4. The Property is more particularly described as:

LOT 25, BLOCK 3, WEST FORK SECTION 1, A SUBDIVISION IN

---

[1] The Note and Security Instrument are collectively referred to as the "Loan Agreement."

MONTGOMERY COUNTY, TEXAS, ACCORDING TO MAP OR PLAT THEREOF RECORDED IN CABINET S, SHEETS 84-87, OF THE MAP RECORDS OF MONTGOMERY COUNTY, TEXAS.

*Id.* at 2. The Security Instrument was recorded as document number 2007-007950 in the official records of Montgomery County, Texas. *Id.* at 4. Plaintiff Bank of America, N.A., became the legal owner and holder of the Note through Assignment of the Deed of Trust from National City on February 9, 2009. *Id.* at 40. The assignment is recorded as document number 2009-012734 in the official public records of Montgomery County, Texas. *Id.* at 4.

Under the terms of the Loan Agreement, Defendant was required to make payments toward the principal and interest on the debt when due as well as any other applicable charges and fees due under the Note. *Id.* If the Defendant failed to make payments on the Note, the lender, as holder of the Note, could enforce the Security Instrument by selling the Property in accordance with applicable law and the provisions set out in the Loan Agreement. *Id.* In the event of a default, the holder of the Note has the option to accelerate the maturity date of the Note and require that all sums then owing be paid. (Document No. 21 at 6).

On or about September 1, 2008, Defendant defaulted on the Note by failing to make her payments. (Document No. 23 at 4). Defendant does not dispute that she defaulted on the Note under the terms of the Loan Agreement. *Id.* On November 8, 2008, EMC Mortgage Corporation, the mortgage servicer at the time, mailed a notice of default and intent to accelerate to Defendant at the Property address. (Document No. 21 at 6; Document No. 21-1 at 35). Plaintiff then mailed a notice of acceleration through counsel to Defendant on February 16, 2009. (Document No. 21 at 7; Document No. 21-1 at 53). Soon after, Plaintiff filed a foreclosure proceeding in the 9th Judicial District Court of Montgomery County, Texas. (Document No. 21 at 7). But in August 2009, Plaintiff filed a motion for nonsuit, which was granted. *Id.* at 7; Document No. 21-1 at 55–59.

Three years later, in September 2012, JP Morgan Chase Bank, N.A., the mortgage servicer at the time, sent Defendant a new notice of default and intent to accelerate. (Document No. 21 at 7; Document No. 21-1 at 62–65). Defendant did not cure the default, and in March 2013, JP Morgan Chase, through counsel, mailed Defendant a notice of acceleration. (Document No. 21 at 7; Document No. 21-1 at 76). No action was taken on the notice of acceleration. In August 2013, Select Portfolio Servicing, Inc., the new mortgage servicer, mailed another notice of default and intent to accelerate to Defendant. (Document No. 21 at 7; Document No. 21-1 at 79–82). When Defendant did not cure the default, Select Portfolio, through counsel, mailed a notice of acceleration on April 22, 2014. (Document No. 21 at 7; Document No. 21-1 at 98).

Plaintiff filed this action seeking a judgment allowing it to foreclose on the Property under the Loan Agreement and Texas Property Code § 51.002. (Document No. 12 at 5). In her First Amended Answer, Defendant raised the statute of limitations as an affirmative defense. (Document No. 29 at 2). She also argues that Plaintiff's claims are barred by several equitable defenses including estoppel, waiver, unclean hands, and failure to mitigate. *Id.* at 2–3. In her Response to Plaintiff's Motion for Summary Judgment, Defendant mainly relies on her statute of limitations defense and makes only a cursory reference to her other affirmative defenses. (Document No. 23 at 13).

### Legal Standard

Under Federal Rule of Civil Procedure 56(a), the Court will grant a motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant bears the initial burden "of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The burden then shifts to 'the nonmoving party to go beyond the pleadings and by

her own affidavits[ and other competent evidence] designate specific facts showing that there is a genuine issue for trial.'" *Davis v. Fort Bend Cty.*, 765 F.3d 480, 484 (5th Cir. 2014) (quoting *Celotex Corp.*, 477 U.S. at 324).

**Discussion**

Plaintiff Bank of America filed its motion for summary judgment asking the Court to enter summary judgment allowing Plaintiff to foreclose on the Property under the Loan Agreement and Texas law. (Document No. 21 at 14). Defendant argues that the foreclosure is time-barred under Texas Civil Practice & Remedies Code § 16.035(a). (Document No. 23 at 7). Because the Court's jurisdiction in this case is based on diversity of citizenship, the Court looks to the substantive law of the forum state. *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). The parties agree that Texas law applies in this case.

Under Texas law, a holder of a note that is secured by a real property lien "must bring suit for . . . the foreclosure of a real property lien not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.035(a). "On the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void." *Id.* § 16.035(d). If a note payable in installments is secured by a real property lien, "the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment." *Id.* § 16.035(e). "If a note or deed of trust secured by real property contains an optional acceleration clause, . . . the action accrues only when the holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). To effectively accelerate a note, the holder must send a notice of intent to accelerate and a notice of acceleration. *Id.* "Both notices must be 'clear and unequivocal.'" *Id.*

(quoting *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 893 (Tex. 1991)).

"Even if the holder has accelerated a note upon default, acceleration can be abandoned 'by agreement or other action of the parties.'" *Murphy v. HSBC Bank USA* (*Murphy II*), No. H-12-3278, 2017 WL 393595, at *8 (S.D. Tex. Jan. 30, 2017) (quoting *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015)). If acceleration is abandoned, the contract is restored to its original condition, "thereby 'restoring the note's original maturity date' for purposes of accrual." *Boren*, 807 F.3d at 104 (quoting *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.)). A holder "can abandon acceleration if the holder continues to accept payments without exacting any remedies available to it upon declared maturity." *Holy Cross Church*, 44 S.W.3d at 566–67.

Here, the parties do not dispute the underlying facts. Both parties agree that Defendant executed a Texas Home Equity Note for $280,000 payable to National City Mortgage and secured by a lien on the Property in question. (Document No. 21 at 5–6; Document No. 23 at 4). Defendant has conceded that she defaulted prior to September 2008 by failing to make her payments on the Note and has not made any payments since. (Document No. 23 at 4). Defendant also does not make any arguments that Plaintiff is not the lawful holder of the Note. *Id.* The parties also agree that the Note was properly accelerated in February 2009. (Document No. 21 at 7; Document No. 23 at 7). The parties, however, dispute whether the acceleration of the Note was properly abandoned after the February 2009 acceleration. (Document No. 21 at 11–14; Document No. 23 at 7–12). Because the parties do not dispute any of the underlying facts, just the legal ramifications of those facts, summary judgment is proper in this case. *Stewart v. U.S. Bank Nat'l Ass'n.*, 107 F. Supp. 3d 705, 708 n. 3 (S.D. Tex. 2015) ("Because the material facts concerning abandonment are not disputed—rather, the issue is the legal ramifications of these

facts—determination of whether acceleration was abandoned is appropriate on summary judgment."); *see Holy Cross Church*, 44 S.W.3d at 567 (explaining that "when a cause of action accrues is a question of law").

Plaintiff argues that it properly abandoned acceleration when it filed a nonsuit in the expedited foreclosure proceeding in September 2009 and when its mortgage servicer mailed a new notice of default and intent to accelerate in September 2012. (Document No. 21 at 12–13). Defendant argues that neither act qualifies as unilateral abandonment and that because both actions were done without her consent and over her objection, any abandonment was improper. (Document No. 23 at 7–8).

The Fifth Circuit has repeatedly held that holders can unilaterally abandon acceleration "'by requesting payment on less than the full amount of the loan.'" *Boren*, 807 F.3d at 106 (quoting *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 F. App'x 677, 680 (5th Cir. 2015) (per curiam)); *accord Hernandez v. Select Portfolio Servicing, Inc.*, 687 F. App'x 371, 347 (5th Cir. 2017) (per curiam); *Nunnery v. Ocwen Loan Servicing, L.L.C.*, 641 F. App'x 430, 433 (5th Cir. 2016) (per curiam). *See also Murphy II*, 2017 WL 393595, at *14 (holding that the summary judgment evidence conclusively demonstrated that the initial acceleration was abandoned when the subsequent notices of default demanded less than the full balance of the loan). Here, it is undisputed that Plaintiff and its representatives sent a notice of acceleration on February 16, 2009. (Document No. 21-1 at 38). When Plaintiff sent the notice of acceleration, the cause of action for foreclosure accrued as of that date. TEX. CIV. PRAC. & REM. CODE § 16.035(a). As of that date, Plaintiff had four years under the applicable statute of limitations to bring a suit for foreclosure. *Id.*

On September 11, 2012, however, Plaintiff's representative sent another notice of default

and intent to accelerate to Defendant. (Document No. 21-1 at 47–50). The 2012 default notice requested payment on less than the full amount of the loan. *Id.* at 47. Defendant argues that whether the 2012 default notice constitutes abandonment is a question of fact. (Document No. 23 at 11). Defendant relies on an opinion in *Murphy v. HSBC Bank USA* (*Murphy I*), which has very similar facts to the case at hand. 95 F. Supp. 3d. 1025, 1040 (S.D. Tex. 2015). Defendant's reliance, however, is misplaced. Subsequent to the issuance of the opinion Defendant relies upon, the district court issued another opinion. *Murphy II*, 2017 WL 393595, at *13. In the second opinion, the district court held that, "[i]f the mortgage servicer demands less than the full balance of the mortgage after acceleration has occurred, there are no genuine issues of material fact for trial." *Id.* As a result, when the holder in that case sent a second notice of default, which explicitly requested less than the fully accelerated balance of the loan, after acceleration had occurred, the district court held that acceleration had been abandoned as a matter of law. *Id.* at *14.

As in *Murphy II*, the summary judgment evidence in the instant case conclusively establishes that acceleration was abandoned as a matter of law.[2] The 2012 default notice explicitly requested payment on less than the full amount of the loan:

> You are in default because you have failed to pay the required monthly installments commencing with the payment due September 1, 2008. . . . As of September 11, 2012, total monthly payments (including principal, interest, and escrow if applicable), late fees, insufficient funds (NSF) fees, and other fees and advances due under the terms of your loan documents in the total amount of $155,062.35 are past due. . . . Action required to cure the default: You must pay the Total Monthly Payments listed in Paragraph 2 within 35 days from the date of this notice in order to cure this default. . . . If you fail to cure the default within 35 days from the date of this notice, Chase will accelerate the maturity of the Loan, . . . declare all sums secured by the Security Instrument immediately due and payable, and commence foreclosure proceedings . . . .

---

[2] Because the Court finds that acceleration was properly abandoned by the 2012 default notice, the Court does not reach whether the 2009 nonsuit constitutes abandonment of acceleration.

(Document No. 21-1 at 47–48). Defendant failed to cure, and Plaintiff sent a notice of acceleration on March 21, 2013. (Document No. 21-1 at 61). The 2013 notice of acceleration triggered accrual of the cause of action, therefore, Plaintiff then had until March 21, 2017, to file a cause of action for foreclosure. *See* TEX. CIV. PRAC. & REM. CODE § 16.035(a). Further, when Plaintiff's representative sent another notice of default in August 2013, Plaintiff once again abandoned acceleration and restored the Note to its original maturity date. *See Boren*, 807 F.3d at 104. Just like the 2012 default notice, the 2013 default notice requested payment on less than the amount of the fully accelerated loan and gave Defendant the opportunity to cure the default and avoid acceleration. (Document No. 21-1 at 65). When Defendant again failed to cure, Plaintiff sent a notice of acceleration on April 22, 2014, triggering accrual and setting the deadline to file a foreclosure action as April 22, 2018. (Document No. 21-1 at 83). Accordingly, the summary judgment evidence conclusively establishes abandonment of the initial acceleration and abandonment of the second acceleration. Plaintiff's summary judgment evidence included: (1) a copy of the Texas Home Equity Note; (2) a copy of the Texas Home Equity Security Instrument; (3) the Assignment of the Deed of Trust to Plaintiff from National City Mortgage Co.; (4) the 2008 default notice; (5) the 2009 acceleration notice; (6) the 2012 default notice; (7) the 2013 acceleration notice; (8) the 2013 default notice; and (9) the 2014 acceleration notice. (Document No. 21-1 at 6–83).

Defendant argues that the abandonment is nevertheless improper because she did not consent to the abandonment and it was done over her objection. (Document No. 23 at 8). The Fifth Circuit recognized in *Boren* that "the holder of a note may unilaterally abandon acceleration after its exercise, so long[] as the borrower neither objects to abandonment nor has detrimentally relied on the acceleration." *Boren*, 807 F.3d at 105. An objection is effective,

however, only when it is actually communicated to the opposing party. Defendant's statement in her accompanying affidavit, (Document No. 23-1 at 3), that she objected to the abandonment is an ineffective defense to summary judgment because she offers no evidence that anyone other than herself knew that she objected. *See Alcala v. Deutsch Bank Nat'l Trust Co. for Long Beach Mortg. Loan Trust 2006-5*, 684 F. App'x 436, 439 (5th Cir. 2017) (*per curiam*) (holding that borrowers' claim that they objected to abandonment was not effective where the only evidence that they objected was their filing of a lawsuit three years after they received notice of abandonment). With no evidence of objection to abandonment or detrimental reliance on the original acceleration, Defendant's argument fails.

Defendant also contends that equity requires this Court to find that Plaintiff's action is barred by limitations because ruling otherwise undermines the statute of limitations. (Document No. 23 at 13). This Court is bound by the previous decisions of the Fifth Circuit unless overruled by the Fifth Circuit *en banc* or the Supreme Court. *See Soc'y of Separationists, Inc. v. Herman*, 939 F.2d 1207, 1211 (5th Cir. 1991); *Perez v. Abbott*, No. SA-11-CV-360, 2017 WL 1450121, at *8 (W.D. Tex. Apr. 20, 2017). Because the Fifth Circuit's decision in *Boren* is legally indistinguishable from the instant case, this Court is obligated to follow *Boren* and apply it to this case. *See Campbell v. Sonat Offshore Drilling, Inc.*, 979 F.2d 1115, 1121 n. 8 (5th Cir. 1992), *superseded by statute on other grounds*, ("It has been long established that a legally indistinguishable decision of this court must be followed by other panels of this court and district courts unless overruled *en banc* or by the United States Supreme Court.").

Finally, Defendant argues that summary judgment should be denied because there is sufficient evidence to support Defendant's other affirmative defenses (Document No. 23 at 13), but Defendant does not present any evidence supporting her affirmative defenses. "Mere

conclusory allegations are not competent summary judgment evidence, and are insufficient to defeat or support a motion for summary judgment." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). It is not the duty of this Court to search the record on a party's behalf for fact issues. *Stewart*, 107 F. Supp. 3d at 707–08 (citing *Topalian*, 954 F.2d at 1137 n. 30). Defendant may not rely upon mere allegations made in her pleadings "without setting forth specific facts establishing a genuine issue worthy of trial." *Topalian*, 954 F.2d at 1131. Defendant has failed to do so here, and her affirmative defenses fail.

### Conclusion

The Court, after considering the motions and responses filed by the parties and the summary judgment evidence included in the record, concludes, for the reasons set forth above, that Plaintiff's Motion for Summary Judgment should be granted. Accordingly, it is hereby

ORDERED that Plaintiff's Motion for Summary Judgment (Document No. 21) is GRANTED.

SIGNED at Houston, Texas, this 11th day of September, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE